UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JUSTINA MARIA SANCHEZ

                       Plaintiff,

       - against-

THE CITY OF NEW YORK,
POLICE OFFICER JORDAN GATES-ROLLINS,
ONE UNIDENTIFIED NYPD LIEUTENANT,
and UNIDENTIFIED NYPD OFFICERS,

                     Defendants.
--------------------------------------------------------X

                                   **COMPLAINT**
                       **JURY TRIAL DEMANDED**

Plaintiff, Justina Maria Sanchez, by her attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

1.    This civil rights action stems from the violations of plaintiff's constitutional rights, including an unlawful arrest without probable cause, the use of excessive force and a malicious prosecution by members of the New York Police Department ("NYPD") on May 16, 2025.

2.    Plaintiff brings claims under 42 U.S.C. § 1983 for violations of her rights secured pursuant to the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment.

3.    The acts by the defendants complained of herein were all performed by said defendants as state actors acting under color of state law.

**Jurisdiction and Venue**

4.    Jurisdiction is founded upon the existence of a Federal Question as this is an action to redress the deprivation, under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to plaintiff by the Fourth Amendment to the

-1-

Constitution of the United States, pursuant to 42 U.S.C. § 1983 and the NYC

Administrative Code.

5.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and

(4).

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1)

and (b)(2), as the events giving rise to this Complaint occurred in this district.

7.    Plaintiff's claims brought pursuant to the NYC Administrative Code are properly before

this Court pursuant to 28 USC § 1367 as this suit is brought for violations of NYC

Administrative Code § 8-802 authorized against the defendants pursuant to § 8-803(a)

and against NYC pursuant to § 8-803(b) and this action is authorized pursuant to 8-

803(c).

8.    Pursuant to NYC HRL § 8-803(a & b), NYC, the employer of the defendants is liable to

the plaintiff for the violations of her rights as indicated herein.

**The Parties**

9.    Plaintiff Justina Maria Sanchez, is an adult Hispanic female, and was at all relevant times,

a resident of the City of New York.

10.    Defendant City of New York is a municipal corporation duly organized and existing

under the laws of the State of New York and at all relevant times, the City of New York,

acting through its agents, servants, and employees, operated and maintained the NYPD,

which acts as its agent in the area of law enforcement and for which the City is ultimately

responsible.

11.    Defendants Police Officers Jordan Gates-Rollins, One Unidentified NYPD Lieutenant

and Unidentified NYPD Officers whose identities are presently unknown, are, and were, at all relevant times, police officers employed by the NYPD, acting under color of state law and within the scope of their employment.

12.    All the defendant officers are sued herein in their individual capacities.

## Statement of Facts

13.    On May 16, 2025 at approximately 10:20 pm the plaintiff was attending the wake of her grandmother in the vicinity of 8th Street and Avenue D on the lower east side of Manhattan.

14.    A group of friends were playing music on the street which officers asked them to lower and they obeyed.

15.    A small crowd had gathered and no criminal activity was underway.

16.    Defendant Officer Gates-Rollins spotted a man he had arrested previously and without legal justification again took him into custody.

17.    The group of people, including the plaintiff, inquired why he was arresting the innocent man as the plaintiff was recording the incident on her cell phone.

18.    Plaintiff asked Gates-Rollins for his name and badge number to which he responded F*** off.

19.    Officer Gates-Rollins became angry and grabbed and arrested the plaintiff for no legitimate law enforcement related reason.

20.    The Unidentified Lieutenant and other Unidentified NYPD officers were on the scene and took no action to prevent Gates-Rollins from his illegal actions.

21.    In the course of arresting Ms. Sanchez the Officer Gates-Rollins struck plaintiff in the

nose causing her to bleed and grabbed her wrists tightly causing an additional injury and

was otherwise acting violently towards the plaintiff.

22.    Plaintiff was handcuffed and placed in an RMP.

23.    Plaintiff was brought to PSA4 she was placed in a cell and her cell phone was taken and

the video she recorded of the innocent man's arrest somehow "disappeared" from her

phone.

24.    An ambulance was called and while the EMT's observed Ms. Sanchez' bloody nose they

declined to enter her cell and examine her.

25.    Ms. Sanchez was charged with PL 195.05 Obstruction of Governmental Administration

in the 2nd, PL 205.30 Resisting Arrest , PL 110-120.00 01 Attempted Assault in the third

degree with intent to cause physical injury and PL 240.26 01 Harassment in the 2nd

Degree.

26.    After being at PSA4 overnight the plaintiff was brought to Central Booking and two days

later she saw the Judge and she was ROR'd.

27.    Ms. Sanchez has been forced to receive medical treatment due to an exacerbation of a

chronic wrist injury and an injury to her back.

28.    After three forced court appearances the false charges were all dismissed and sealed by

the Court.

29.    Due to the arrest plaintiff was suspended and will possibly be terminated from her job.

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**PURSUANT TO 42 U.S.C. §1983 VIOLATION OF  THE FOURTH**
**AMENDMENT TO THE UNITED STATES CONSTITUTION**
**VIA FALSE ARREST**

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs as if fully stated herein.

31.    Ms. Sanchez' rights have been violated pursuant to the Fourth Amendment of the United

States Constitution, due to her being falsely arrested by the defendants.

32.    The plaintiff was confined by defendants; defendants intended to confine the plaintiff;

plaintiff was conscious of her confinement; and the plaintiff did not consent to the

confinement which was not otherwise privileged.

33.    As a direct consequence of defendants' actions, the plaintiff was deprived of rights,

privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the

United States Constitution and more particularly, her right to be free from arrest without

probable cause.

34.    Among other invasions of her privacy, offenses to her dignity and violations of her rights,

Ms. Sanchez was subjected to being handcuffed, searched, confined, insulted, humiliated,

emotionally harmed, embarrassed and defamed by being placed in handcuffs in front of

people who knew her, and she was otherwise harmed.

35.    By reason of the aforesaid, the plaintiff has been damaged and she is entitled to

compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED

THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial

and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC

§1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**PURSUANT TO 42 U.S.C. §1983**
**VIOLATION OF THE FOURTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**
**VIA MALICIOUS PROSECUTION**

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior
        paragraphs as if fully stated herein.

37.     Plaintiff's rights have been violated pursuant to the Fourth Amendment of the United
        States Constitution made applicable to the states by virtue of the Fourteenth Amendment,
        due to her being maliciously prosecuted by the defendants.

38.     Plaintiff was subjected to a malicious prosecution by the defendants who caused and
        continued her arrest, without probable cause, the arrest was effected with malice and the
        charges terminated in Ms. Sanchez' favor via a dismissal.

39.     Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in
        custody, being forced to appear in court three times, caused the plaintiff to endure the fear
        of going to jail, anxiety, she was defamed in her community, and she was otherwise
        harmed.

40.     By reason of the aforesaid, the plaintiff has been damaged and she is entitled to
        compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED
        THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial
        and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC
        §1988.

**THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
PURSUANT TO 42 U.S.C. §1983
EXCESSIVE FORCE IN VIOLATION OF THE FOURTH
<u>AMENDMENT TO THE UNITED STATES CONSTITUTION</u>**

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior
        paragraphs as if fully stated herein.

42.     Ms. Sanchez' rights have been violated pursuant to the Fourth Amendment to the United

States Constitution made applicable to the statues by virtue of the Fourteenth Amendment

via her being subjected to unnecessary, excessive and unreasonable force.

43.     The defendants used force unnecessarily and maliciously without the need to use any

force, much less the gratuitous force employed.

44.     As a direct consequence of defendants' actions, plaintiff was deprived of rights,

privileges and immunities pursuant to the Fourth Amendment to the United States

Constitution, and more particularly, her right to be free from the use of excessive and

unreasonable force.

45.     The individual defendants' acts caused plaintiff to sustain physical injuries, pain and

suffering, emotional harms, she was forced to seek medical treatment and she was

otherwise harmed.

46.     By reason of the aforesaid, the plaintiff has been damaged and she is entitled to

compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED

THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial

and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC

§1988.

**FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**PURSUANT TO 42 U.S.C. §1983**
**FAILURE TO INTERVENE**
**IN VIOLATION OF THE FOURTH**
**AMENDMENT TO THE UNITED STATES CONSTITUTION**

47.     Plaintiff repeats and realleges each and every allegation contained in the preceding

paragraphs as though fully set forth herein.

48.     Ms. Sanchez was subjected to the continued use of excessive and unnecessary force due

to the defendant officers' failure in their affirmative duty to intervene after she was

battered and illegally arrested without probable cause by officer Gates-Rollins subsequent

to her having been restrained.

49.    The defendants had a reasonable opportunity to intervene to prevent the further abuse of

the plaintiff which was happening in their presence and they failed to do so.

50.    The individual defendants' inaction caused plaintiff to sustain physical injuries, to be

illegally detained, maliciously prosecuted and caused her physical, pecuniary and

emotional harms.

51.    By reason of the aforesaid, the plaintiff has been damaged and she is entitled to

compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED

THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial

and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC

§1988.

### PLAINTIFF'S FIFTH CAUSE OF ACTION
### VIOLATION OF THE NYC ADMINISTRATIVE CODE § 8-802
### VIA FALSE ARREST, EXCESSIVE FORCE, MALICIOUS PROSECUTION,
### AND FAILURE TO INTERVENE AGAINST ALL DEFENDANTS

52.    Plaintiff repeats and realleges each and every allegation contained in the preceding

paragraphs as though fully set forth herein.

53.    Ms. Sanchez was subjected to a false arrest, malicious prosecution, a failure to intervene

and the use of excessive and unnecessary force in violation of the NYC Administrative

Code § 8-802.

54.    By reason of the aforesaid, the plaintiff has been damaged and she is entitled to

compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED

THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**WHEREFORE**, Plaintiff demands judgment against the defendants and each of them, as follows:

a. Declaratory relief finding that plaintiff's rights under the United States Constitution and the NYC Administrative Code were violated;

b. Compensatory damages against all defendants, jointly and severally, for the physical injuries, pain and suffering, emotional distress, and other damages plaintiff sustained as a result of defendants' unlawful actions;

c. Punitive damages against the individual defendants for their intentional, reckless, and wanton conduct, in an amount sufficient to punish and deter such conduct in the future;

d. Reasonable attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988 and New York City Administrative Code §8-502(a & g);

e. Prejudgment and post-judgment interest on all damages awarded, as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        October 30, 2025

_____
        /s/
Fred Lichtmacher
The Law Office of Fred Lichtmacher P.C.
159 W. 25th Street, Suite 510
New York, NY 10001
(212) 922-9066
empirestatt@aol.com

To: The City of New York

Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

To: POLICE OFFICER JORDAN GATES-ROLLINS
PSA4
130 Avenue C
New York, NY 10009